| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:15-CR-119 |
| | § | |
| KRISTOPHER GEORGE ARDOIN (2) | § | |
| KODY DWAYNE ARDOIN (5) | § | |
| ZERRICK EDWARD WALKER (6) | § | |

## MEMORANDUM AND ORDER

Pending before the court is the Government's Notice and Motion in Support of Admission of Defendants' Prior Felony Drug Convictions and Other Acts as Either Intrinsic Evidence or Pursuant to FED. R. EVID. 404(b) (#400), wherein the government seeks a pretrial ruling on the admissibility of certain evidence. As discussed more thoroughly below, although the court is inclined to find the government's evidence admissible, it is without sufficient information to make a definitive ruling at this time.

In the case at bar, Defendants Kristopher Ardoin ("Kristopher Ardoin") and Kody Dwayne Ardoin ("Kody Ardoin") are charged in the Fourth Superseding Indictment with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (Count One). Kristopher Ardoin is also charged with a firearms conspiracy in violation of 18 U.S.C. § 924(o) (Count Two) and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Five). Kody Ardoin is charged in Counts Three and Four with possession with intent to distribute and distribution of cocaine base and marijuana in violation of 21 U.S.C. § 841(a)(1). Defendant Zerrick Edward Walker ("Walker") is charged in Count One of the Third Superseding Indictment with conspiracy to possess with intent to distribute cocaine base in

violation of 21 U.S.C. § 846 and in Count One of the Amended Information with possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).

The government first asserts that the following convictions are admissible in its case-in-chief:

1. Possession of a controlled substance, namely cocaine, a state jail felony, in cause number 07-00910 on October 4, 2007, in the 252nd District Court of Jefferson County, Texas (Kristopher Ardoin);

2. Possession of a controlled substance, namely cocaine, a felony, on February 24, 2010, in cause number 09-07559, in the Criminal District Court of Jefferson County, Texas (Kristopher Ardoin);

3. Possession of a controlled substance, namely cocaine, a state jail felony, in cause number 99474, on January 29, 2007, in the 252nd District Court of Jefferson County, Texas (Walker);

4. Possession of a controlled substance, namely cocaine, a felony, in cause number 12-14399, on November 25, 2013, in the Criminal District Court of Jefferson County, Texas (Kody Ardoin);

5. Possession of marijuana in 2008 in Jefferson County, Texas (Kristopher Ardoin);

6. Unlawfully carrying a weapon in 2008 in Jefferson County, Texas (Kristopher Ardoin);

7. Possession of marijuana in 2009 in Jefferson County, Texas (Kristopher Ardoin);

8. Possession of a controlled substance analogue in 2010 in Jefferson County, Texas (Kristopher Ardoin)

9. Possession of a controlled substance in 2012 in Jefferson County, Texas (Kristopher Ardoin);

10. Possession of marijuana in 2014 in Jefferson County, Texas (Kody Ardoin);

11. Possession of marijuana in 2003 in Jefferson County, Texas (Walker); and

12. Possession of marijuana in 2007 in Jefferson County, Texas (Walker).

In addition to the prior convictions, the government seeks to admit several "bad acts" of the defendants. Specifically, the government alleges that each of the defendants was at some point or multiple points during the conspiracy,[1] in constructive or actual possession of: synthetic marijuana; drug paraphernalia such as digital scales and crack pipes; controlled substance analogues; prescription medication that was not being obtained or used in accordance with the prescriptions; ammunition in close proximity to controlled substances; firearms in close proximity to controlled substances; and items that certain government witnesses will testify in their training, experience, or personal knowledge are used to "cook" cocaine hydrochloride into cocaine base, such as beakers or baking soda or utensils, such as knives, with residue; and currency that officers will testify in their training and experience was being held in a way that is common to drug traffickers. The government also seeks to introduce evidence that each defendant was, at some point or multiple points during the conspiracy, directly involved in or aided and abetted another in the unauthorized use of a motor vehicle, typically in conjunction with illegal transactions commonly known as a "rock for a ride," where a drug user will transfer control of a motor vehicle in exchange for cocaine base.

It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *See United States v. Lockhart*, 844 F.3d 501, 501 (5th Cir. 2016); *United States v. Guerrero*, 768 F.3d 351, 365 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1548 (2015); *United States v. Stephens*, 571 F.3d 401, 410 (5th Cir. 2009). Other act evidence is intrinsic "when it and evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode." *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013).

---

[1] The charging documents allege that the drug conspiracy began in 2006 and ended in 2016.

"Intrinsic evidence is 'admissible to complete the story of the crime by proving the immediate context of events in time and place.'" *Id.* (citing *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.), *cert. denied*, 519 U.S. 891 (1996)). Intrinsic evidence is also admissible to permit the jury to "evaluate all of the circumstances under which the defendant acted." *United States v. Rice*, 607 F.3d 133, 141 (5th Cir.), *cert. denied sub nom. Cormier v. United States*, 562 U.S. 941 (2010) (citing *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)). Evidence is intrinsic to a conspiracy if it is relevant to establishing how the conspiracy came about and how it was structured. *See United States v. Watkins*, 591 F.3d 780, 785 (5th Cir. 2009).

The aforementioned list of convictions and acts are all alleged to have occurred during the drug conspiracy; namely, between 2006 and 2016. Based on the government's motion, for the most part, the acts listed seem to be inextricably intertwined with the charged conspiracy or show how it came about. Therefore, they appear to be admissible as intrinsic evidence. In *United States v. Avila-Gonzalez*, the United States Court of Appeals for the Fifth Circuit found no error in the district court's admission of a defendant's prior state conviction for possession of a controlled substance in a methamphetamine conspiracy where "the district court determined that the conviction was admissible as intrinsic evidence." 611 F. App'x 801, 804 (5th Cir.), *cert. denied*, 136 S. Ct. 700 (2015). The Fifth Circuit has also recognized that a defendant's purported drug use and possession of drug paraphernalia are admissible as intrinsic to the crime charged. *See United States v. Brown*, 388 F. App'x 455, 460 (5th Cir. 2010) (reasoning that evidence of defendant's and coconspirators' drug use was admissible as it helped "paint the picture" of the relationship between the parties and the objectives of the conspiracy). Similarly, evidence of possession of ammunition and firearms has been held admissible in other cases, as "[f]irearms

have been considered tools of the trade to those involved in the distribution of illegal drugs." *See United States v. Westbrook*, 199 F.3d 1176, 1193 (5th Cir. 1997) ("In the drug business, guns are tools of the trade."). Further, Kristopher Ardoin is charged with a firearms conspiracy. Nonetheless, without more detailed information as to whether each item listed by the government in this case is indeed part of conspiracies alleged, "inextricably intertwined" with the charged offenses, or the acts were "necessary preliminaries" of the crimes charged, the court is unable to rule definitively on the admissibility of that evidence at this time. *See Watkins*, 591 F.3d at 784.

In the event such convictions and acts are not intrinsic to the conspiracies alleged, but are extrinsic, admissibility turns on the application of Rule 404(b). *See United States v. Charles*, 366 F. App'x 532, 537 (5th Cir.), *cert. denied*, 561 U.S. 1018 (2010) (holding that a prior conviction for distribution of cocaine, like other convictions, was extrinsic evidence that therefore required a balancing of the probative value and unfair prejudice); *see also United States v. Crawley*, 533 F.3d 349, 353-54 (5th Cir.), *cert. denied*, 555 U.S. 1007 (2008); *United States v. Jackson*, 339 F.3d 349, 354 (5th Cir. 2003). Federal Rule of Evidence 404(b) requires that "on request by a defendant in a criminal case, the prosecutor must provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and do so before trial–or during trial if the court, for good cause, excuses lack of pretrial notice." FED. R. EVID. 404(b). The government filed its 404(b) Notice (#399) on January 17, 2017, and thus provided reasonable notice of its intent to use this evidence in advance of trial.

Extrinsic evidence under Rule 404(b) is admissible if: (1) it is relevant under Rule 401 to an issue other than the defendant's character, and (2) its probative value is not substantially outweighed by its prejudicial effect under Rule 403. *United States v. Melendez-Jimenez*, ___ F.

App'x ___, No. 15-41197, 2016 WL 4191174, at *1 (5th Cir. Aug. 8, 2016), *cert. denied*, 2017 WL 69543 (Jan. 9, 2017) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied*, 440 U.S. 920 (1979)); *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013); *United States v. Hamilton*, 723 F.3d 542, 547 (5th Cir. 2013); *Crawley*, 553 F.3d at 354; *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007). "[I]n a conspiracy case[,] the mere entry of a not guilty plea raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence." *United States v. Prati*, 861 F.2d 82, 86 (5th Cir. 1988); *see United States v. Castro-Flores*, 648 F. App'x 480, 483 (5th Cir. 2016); *United States v. Olguin*, 643 F.3d 384, 389-390 (5th Cir.), *cert. denied*, 132 S.Ct. 439 (2011); *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009). "In other words, where the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and [the court is] required only to consider whether the requirements of Rule 403 are met under *Beechum*'s second prong." *Cockrell*, 587 F.3d at 679 (citing *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir.), *cert. denied*, 519 U.S. 906 (1996)). The similarity of intent required between the extraneous act and the charged offense means only that the defendant must "indulg[e] himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." *Beechum*, 582 F.2d at 911. The government must still show that "the jury could find that the defendant committed the extrinsic offense." *Id.* at 913; FED. R. EVID. 104(b).

Some of the factors the court must consider in determining whether the evidence satisfies the second prong include: (1) "the extent to which the defendant's unlawful intent is established by other evidence"; (2) the "overall similarity of the extrinsic and charged offenses"; and (3) "how much time separates the extrinsic and charged offenses." *United States v. Adair*, 436 F.3d

520, 526 (5th Cir.), *cert. denied*, 547 U.S. 115 (2006) (quoting *Beechum*, 582 F.2d at 915); *accord United States v. Pruett*, 681 F.3d 232, 244 (5th Cir. 2012); *United States v. Watson*, 433 F. App'x 284, 287 (5th Cir.), *cert. denied*, 132 S. Ct. 789 (2011); *see also Kinchen*, 729 F.3d at 473 (also considering the government's need for the extrinsic evidence). "[W]hat counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *United States v. Jackson*, 339 F.3d 349, 356 (5th Cir. 2003) (quoting *Old Chief v. United States*, 519 U.S. 172, 184 (1997)). "Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference . . . . Thus, if the [g]overnment has a strong case on the intent issue, the extrinsic offense may add little and consequently will be excluded more readily." *Beechum*, 562 F.2d at 914.

In this instance, the prior drug convictions required each defendant to possess a similar state of mind as the possession and conspiracy offenses alleged in the charging documents. *See United States v. Wallace*, 759 F.3d 486, 494 (5th Cir. 2014) ("A prior conviction for narcotics possession or manufacture is probative to a defendant's intent when he is charged with conspiracy to distribute."); *Broussard*, 80 F.3d at 1040 (finding that defendant's prior conviction for possession of 50 to 200 pounds of marijuana was highly probative of her knowledge of the charged drug conspiracy and her intent to participate); *United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994), *cert. denied*, 513 U.S. 1156 (1995) (noting that in drug offense cases, courts frequently find extrinsic drug offense evidence admissible); *accord United States v. Moore*, 433 F. App'x 308, 310 (5th Cir.), *cert. denied*, 132 S. Ct. 789 (2011) (stating that the defendant's prior conviction for methamphetamine possession "was probative of her knowledge of the drug"

in a conspiracy to manufacture methamphetamine); *United States v. Harper*, 369 F. App'x 556, 560 (5th Cir.), *cert. denied*, 562 U.S. 892 (2010) (holding that evidence of the defendant's past drug transactions was relevant to establish his criminal intent to conspire to possess cocaine with the intent to distribute). *See* FED. R. EVID. 404(b)(2); *see also* FED. R. EVID. 401. By pleading not guilty, Defendants placed their knowledge and intent at issue and their prior drug convictions are probative of their familiarity with narcotics and narcotics trafficking. *See Wallace*, 759 F.3d at 494.

Additionally, while not all prior narcotics convictions are *per se* admissible in a drug conspiracy case,[2] the Fifth Circuit has held that "the probative value of evidence related to a defendant's prior drug-related activity is not substantially outweighed by unfair prejudice in a drug conspiracy case." *Wallace*, 759 F.3d at 494. That said, the government "continues to maintain the burden of demonstrating—in every case—that a prior conviction is relevant and admissible under 404(b)." *Wallace*, 759 F.3d at 494; *see United States v. Yeagin*, 927 F.2d 798, 803 (5th Cir. 1991) ("A trial judge faced with the problem of admissibility of other crimes evidence should exercise caution and should require the government to explain why the evidence is relevant and necessary on a specific element that the government must prove.").

For the majority of the convictions listed above, the government has provided little or no information as to the quantity and the circumstances surrounding the convictions and, in two cases, the type of narcotics previously possessed by the defendants. While recognizing that prior drug

---

[2] For example, the "possession of a small quantity of drugs consistent with personal use does not, without other evidence, raise an inference of intent to distribute." *United States v. Jones*, 228 F. App'x 506, 508 (5th Cir. 2007) (citing *Turner v. United States*, 396 U.S. 398, 423 (1970)) (holding possession of 14.68 grams of a cocaine-sugar mixture not sufficient to infer that the possessor was distributing it).

convictions are often admitted under Rule 404(b), the court is without sufficient information to make an admissibility determination at this juncture. The same is true for Kristopher Ardoin's prior conviction for unlawfully carrying a weapon. The government's motion does not state what type of weapon was involved or, if the offense involved a firearm, how its circumstances are relevant to Kristopher Ardoin's participation in the currently charged firearms conspiracy. Similarly, although the other bad acts mentioned by the government appear to be intrinsic, as discussed above, the government has failed to provide adequate detail regarding the circumstances of such acts. Consequently, the court is unable to analyze their potential admissibility under Rule 404(b) at this juncture.

For the foregoing reasons, the government's motion is DENIED.

SIGNED at Beaumont, Texas, this 20th day of January, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE